Step[illegible]
State Bar Number 21454300
Pamela Arnold Bassel
State Bar Number 01344800
BASSEL & WILCOX, P.L.L.C.
P.O. Box 11509
Fort Worth, Texas 76110-0509
(817) 870-1694 Phone
(817) 870-1181 Facsimile
swilcox@basselwilcox.com
ATTORNEYS FOR TD AUTO FINANCE LLC F/K/A CHRYSLER FINANCIAL SERVICES AMERICAS LLC

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| In Re: JOHN & HILDA SHIRLEY | § | Case No. 13-50718-A998-7 |
| | § | |
| | § | Chapter 7 |

REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name: TD Auto Finance LLC f/k/a Chrysler Financial Services Americas LLC

2. Amount of the debt subject to this reaffirmation agreement:
$14,370.75 on the date of bankruptcy $14,383.38 to be paid under reaffirmation agreement

3. Annual percentage rate of interest: 4.59% prior to bankruptcy
4.59% under reaffirmation agreement ( X Fixed Rate ____ Adjustable Rate)

4. Repayment terms (if fixed rate): $335.64 due April 6, 2013;
$355.41 per month for 43 months beginning May 6, 2013

5. Collateral, if any, securing the debt: Current market value: $9,300.00
Description: 2008 Chrysler Town & Country VIN: 2A8HR44H48R623955

6. Does the creditor assert that the debt is nondischargeable? ___ Yes X No
(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

| Debtor's Schedule I and J Entries | | Debtor's Income and Expenses as Stated on Reaffirmation Agreement | |
|---|---|---|---|
| 7A. Total monthly income from Schedule I, line 16 | $ 4,212.05 | 7B. Monthly income from all sources after payroll deductions | $ 4,212.05 |
| 8A. Total monthly expenses from Schedule J, line 18 | $ 4,134.00 | 8B. Monthly expenses | $ 4,134.00 |
| 9A. Total monthly payments on reaffirmed debts not listed on Schedule J | $ 0 | 9B. Total monthly payments on reaffirmed debts not included in monthly expenses | $ 0 |
| | | 10B. Net monthly income (Subtract sum of lines 8B and 9B from line 7B. If total is less than zero, put the number in brackets.) | $ 78.05 |

11. Explain with specificity any difference between the income amounts (7A and 7B):

________________________________________

________________________________________

________________________________________

12. Explain with specificity any difference between the expense amounts (8A and 8B):

________________________________________

________________________________________

________________________________________

If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

________________________________________
Signature of Debtor (only required if line 11 or 12 is completed)

________________________________________
Signature of Joint Debtor (if applicable, and only required if line 11 or 12 is completed)

Other Information

☐ Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt: ______________________

________________________________________

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?

__✓__ Yes ________ No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?

__✓__ Yes ________ No

FILER'S CERTIFICATION

I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

[signature]
Signature

Stephen Wilcox, Attorney for TDAF
Print/Type Name & Signer's Relation to Case

Stephen G. Wilcox
State Bar Number 21454300
Pamela Arnold Bassel
State Bar Number 01344800
BASSEL & WILCOX, P.L.L.C.
P.O. Box 11509
Fort Worth, Texas 76110-0509
(817) 870-1694 Phone
(817) 870-1181 Facsimile
swilcox@basselwilcox.com
ATTORNEYS FOR TD AUTO FINANCE LLC F/K/A CHRYSLER FINANCIAL SERVICES AMERICAS LLC

☐ Presumption of Undue Hardship
☑ No Presumption of Undue Hardship
(Check box as directed in Part D: Debtor's Statement in Support of Reaffirmation Agreement.)

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS

In Re: JOHN & HILDA SHIRLEY § Case No. 13-50718-A998-7
§ Account No. ending in 2087

REAFFIRMATION AGREEMENT

*[Indicate all documents included in this filing by checking each applicable box]*

☑ Part A: Disclosures, Instructions, and Notice to Debtor (Pages 1 - 5)
☑ Part B: Reaffirmation Agreement
☑ Part C: Certification by Debtor's Attorney
☑ Part D: Debtor's Statement of Support of Reaffirmation Agreement

*[File Part E only if debtor was not represented by an attorney during the course of negotiating this agreement.]*

☐ Part E: Motion for Court Approval
☐ Proposed Order On Reaffirmation

Name of Creditor: TD Auto Finance LLC f/k/a Chrysler Financial Services Americas LLC
☐ *[Check this box if]* Creditor is a Credit Union as defined in § 19(b)(1)(a)(iv) of the Federal Reserve Act

## PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

### 1. DISCLOSURE STATEMENT

Date of Disclosure: March 27, 2013

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

SUMMARY OF REAFFIRMATION AGREEMENT

This Summary is made pursuant to the requirements of the Bankruptcy Code.

AMOUNT REAFFIRMED

The amount of debt you have agreed to reaffirm: $14,383.38

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

ANNUAL PERCENTAGE RATE

If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (i) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: 4.59%.

--- *And/Or* ---

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: 4.59%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are: N/A

If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

| Item or Type of Item | Original Purchase Price or Original Amount of Loan |
|---|---|
| Motor Vehicle Make/Model/Year: 2008 Chrysler Town & Country<br>Vehicle Identification Number 2A8HR44H48R623955 | $19,828.63 |

*Optional---At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

Repayment Schedule: Creditor elects not to provide a repayment schedule.

2. INSTRUCTIONS AND NOTICE TO DEBTOR

Reaffirming a debt is a serious financial decision. The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If the creditor is not a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. If the creditor is a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

Frequently Asked Questions:

What are your obligations if you reaffirm the debt? A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

Are you required to enter into a reaffirmation agreement by any law? No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

What if your creditor has a security interest or lien? Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

> NOTE: When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:

BRIEF DESCRIPTION OF CREDIT AGREEMENT:

Retail Installment Contract dated: December 14, 2012, with account no. ending in: 0598, and written amendments and extensions thereof entered into prior to the date the bankruptcy petition was filed.

Motor Vehicle Make/Model/Year: 2009 Toyota Camry Vehicle Identification Number: 4T1BE46K59U328719

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement: NONE.

ANY RESCISSION OF THIS REAFFIRMATION AGREEMENT MUST BE IN WRITING. DEBTOR AGREES TO MAIL TO CREDITOR ANY NOTICE OF RESCISSION TO THE CREDITOR AT THE FOLLOWING ADDRESS:

Bassel & Wilcox, P.L.L.C.
P.O. Box 11509
Fort Worth, TX 76110-0509

SIGNATURE(S):

Borrower:

Hilda Shirley
(Print Name)

[signature]
(Signature)

Date: 4-18-13

Co-borrower, if also reaffirming these debts:

John Shirley
(Print Name)

[signature]
(Signature)

Date: 4-18-13

Accepted by creditor:

(address for Creditor for sending bankruptcy notice):
TD Auto Finance LLC f/k/a Chrysler Financial Services Americas LLC
c/o Bassel & Wilcox, P.L.L.C.
P.O. Box 11509
Fort Worth, Texas 76110-0509
***The above address is not a payment address**

[signature]
(Signature)

Stephen Wilcox, Attorney for TDAF
(Printed Name and Title of Individual Signing for Creditor)

4/19/13
Date of Creditor Acceptance

PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: Cynthia Zuniga Puig

Signature of Debtor's Attorney: [signature]

Date: 4/18/13

PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

*[Read and complete sections 1 and 2. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 and your income less your monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumtpion of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship."]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ 4,212.05, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ 3,807.04, leaving $ 405.01 to make the required payments on this reaffirmed debt.

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here:

_______________________________________________

_______________________________________________

_______________________________________________

_______________________________________________

_______________________________________________.

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: [signature] Date: 4-18-13
(Debtor)

Signed: [signature] Date: 4-18-13
(Joint Debtor, if any)

PART E: MOTION FOR COURT APPROVAL

*[To be completed and filed only if the debtor is not represented by an attorney during the course of negotiating this agreement.]*

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS

| In Re: JOHN & HILDA SHIRLEY | § | Case No. 13-50718-A998-7 |
|---|---|---|
| | § | Account No. ending in 0598 |

## MOTION FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________.

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions (*check all applicable boxes*):

□ 11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

□ 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income)

Signed:______________________________
(Debtor)

______________________________
(Joint Debtor, if any)

Date: ______________________________

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS

In Re: JOHN & HILDA SHIRLEY § Case No. 13-50718-A998-7
§ Account No. ending in 0598

## ORDER APPROVING REAFFIRMATION AGREEMENT

The Debtor(s), John & Hilda Shirley, have filed a motion for approval of the reaffirmation agreement dated ________________ made between the Debtor(s) and TD Auto Finance LLC f/k/a Chrysler Financial Services Americas LLC The court held the hearing required by 11 U.S.C. § 524(d) on notice to the Debtor(s) and the Creditor on ________________.

COURT ORDER: ☐The court grants the debtor's motion under 11 U.S.C. § 524(c)(6)(A) and approves the reaffirmation agreement described above as not imposing an undue hardship on the debtor(s) or a dependent of the debtor(s) and as being in the best interest of the debtor(s).

☐ The court grants the debtor's motion under 11 U.S.C. § 524(k)(3) and approves the reaffirmation agreement described above.

☐ The court does not disapprove the reaffirmation agreement under 11 U.S.C. § 524(m).

☐ The court disapproves the reaffirmation agreement under 11 U.S.C. § 524 (m).

☐ The court does not approve the reaffirmation agreement.

BY THE COURT

Date: ________________

________________________________
*United States Bankruptcy Judge*

MOTOR VEHICLE RETAIL INSTALLMENT SALES CONTRACT

[illegible]

VEHICLE IDENTIFICATION

[illegible]

FEDERAL TRUTH-IN-LENDING DISCLOSURES

[illegible]

ITEMIZATION OF AMOUNT FINANCED

[illegible]

LIABILITY INSURANCE: THIS CONTRACT DOES NOT INCLUDE INSURANCE COVERAGE FOR PERSONAL LIABILITY AND PROPERTY DAMAGE CAUSED TO OTHERS.

CONSUMER CREDIT COMMISSIONER NOTICE

[illegible]

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

Any change to this contract must be in writing. [illegible]

Buyer [illegible] Co-Buyer [illegible]

CONSUMER WARNING: Notice to the buyer—Do not sign this contract before you read it or if it contains any blank spaces. You are entitled to a copy of the contract you sign. Under the law, you have the right to pay off in advance all that you owe and under certain conditions may save a portion of the finance charge. [illegible] legal rights.

BUYER'S ACKNOWLEDGMENT OF CONTRACT RECEIPT: YOU AGREE TO THE TERMS OF THIS CONTRACT AND ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF IT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT.

Buyer Signs [illegible] Co-Buyer Signs [illegible]

[illegible]

ORIGINAL LIENHOLDER

[illegible]

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

[illegible]

Upon sale of this vehicle, the purchaser must apply for a new title within 20 working days unless the vehicle is purchased by a dealer. Until a new title is issued, the vehicle record will continue to reflect the owner's name listed on the current title. SEE BACK OF TAB FOR ADDITIONAL INFORMATION.

0230077

TD AUTO FINANCE LLC
PO BOX 997551
SACRAMENTO, CA 95899-7551

DETACH HERE

TEXAS CERTIFICATE OF TITLE

TEXAS DEPARTMENT OF MOTOR VEHICLES

10196370B

TxDMV

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| 2A8HR44H48R623955 | 2008 | CHRY | VN |

| TITLE/DOCUMENT NUMBER | DATE TITLE ISSUED |
|---|---|
| 01537940765105610 | 08/23/2011 |

| MODEL | MFG. CAPACITY IN TONS | WEIGHT | LICENSE NUMBER |
|---|---|---|---|
| TWC | | 4400 | CY8V588 |

PREVIOUS OWNER: WORLD CAR NISSAN SAN ANTONIO TX

ODOMETER READING: 37707

REMARK(S): ACTUAL MILEAGE

OWNER:
HILDA SHIRLEY
JOHN C SHIRLEY
12207 AUTUMN CHERRY
SAN ANTONIO, TX 78254

X ______________________
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

DATE OF LIEN: 07/23/2011

1ST LIENHOLDER: TD AUTO FINANCE LLC
PO BOX 997551
SACRAMENTO, CA 95899-7551

1ST LIEN RELEASED ______ DATE

BY ______ AUTHORIZED AGENT

DATE OF LIEN

2ND LIENHOLDER

2ND LIEN RELEASED ______ DATE

BY ______ AUTHORIZED AGENT

DATE OF LIEN

3RD LIENHOLDER

3RD LIEN RELEASED ______ DATE

BY ______ AUTHORIZED AGENT

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

RIGHTS OF SURVIVORSHIP AGREEMENT
WE, THE PERSONS WHOSE SIGNATURES APPEAR HEREON, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED BY THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY, AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

______ SIGNATURE ______ DATE

______ SIGNATURE ______ DATE

______ SIGNATURE ______ DATE

FORM 30-C REV. 2010

DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.